**UNITED STATES DISTRICT COURT**

**DISTRICT OF MINNESOTA**

---

Andersen Windows, Inc., a Minnesota corporation,

Plaintiff,

vs.

Huttig Building Products, Inc., a Delaware corporation,

Defendant.

**Civ. No. 00 CV 02247 JRT/FLN**

**PROTECTIVE ORDER**

---

IT IS HEREBY ORDERED that each of the parties, and any non-party, that, by itself or through its counsel, agrees to the terms of this Protective Order as provided herein, shall be governed by the following terms and conditions in connection with the production of Confidential Information (as defined herein) in this action.

1. Definitions.

a. The term "Confidential Information" means any information, whether oral or in documentary or other form, so designated by any producing person (as defined herein) that it reasonably and in good faith believes is of the type protectable under Rule 26(c)(7), Fed. R. Civ. P. "Confidential Information" collectively refers to information designated "Confidential" or "Highly Confidential" pursuant to Paragraph 4 herein.

b. The term "disclose" means to show, give, make available or communicate, in any fashion, to any person, any information, document, information concerning the content of any document, or any portion of the information contained in any document, furnished by any party or non-party in this action.

FILED SEP 28 2001
RICHARD D. SLETTEN, CLERK
JUDGMENT ENTD
DEPUTY CLERK

c. The term "document" is defined to be synonymous in meaning and equal in scope to the usage of the term in Rule 34(a), Fed. R. Civ. P. A draft or non-identical copy is a separate document within the meaning of the term.

d. The term "person" means any natural person, corporation, partnership, sole proprietorship, group, association, organization, business entity, governmental body, or agency.

e. The term "producing person" means any person, whether a party or nonparty, who produces any information, whether oral or in documentary or other form, in response to any discovery method permitted by the Federal Rules of Civil Procedure.

f. The term "qualified person" means (i) outside counsel engaged to represent one of the parties to this action, including necessary legal assistants and stenographic and clerical employees actually assisting such counsel and outside vendors engaged by such counsel to scan and/or code documents; (ii) in-house lawyers who are engaged in preparation for trial and trial of this litigation, including necessary legal assistants and stenographic and clerical employees actually assisting these persons; (iii) outside independent experts and consultants of the parties who are assisting counsel identified in (i) and (ii) in this action and any necessary assistants and stenographic and clerical employees under their direct supervision and employed by them or their employer or organization; (iv) the Court and Court personnel, including stenographic reporters; and (v) current employees of Huttig or Andersen involved in the prosecution or defense of this litigation.

g. The term "receiving party" means any person to whom information is disclosed in this action in response to any discovery method permitted by the Federal Rules of Civil Procedure.

2. This Order applies to all documents and information produced in this action regardless of whether such documents or information was produced prior to or after the entry of this Order.

3. Any non-party to this action who desires the protection of this Order with respect to any discovery obtained from it in this action may obtain such protection by, through counsel or otherwise, executing and delivering to each party a copy of the Agreement To Be Bound By Protective Order (See Exhibit A), thereby agreeing to be bound by its provisions.

4. Confidential Information may be designated by any producing person as "Confidential" or "Highly Confidential," as the case may be. Moreover, parties may designate documents that are produced by non-parties and that contain Confidential Information as "Confidential" or "Highly Confidential," as the case may be. To designate Confidential Information as "Highly Confidential," the producing party must reasonably and in good faith believe that the Confidential Information reflects: (A) highly confidential business or marketing plans, strategies, or methods, including business planning or financial documents having current or future applicability; or (B) sensitive non-public information that: (i) as of the date of production, has been subject to strict internal controls limiting its dissemination within the producing party; and (ii) if improperly disclosed, is likely to cause the producing party substantial commercial harm. Any information supplied in documentary or other form may be designated by the producing person or producing party as Confidential Information by placing or affixing on each page of such document, or on the face of such thing, the legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL," as appropriate. In the case of documents produced prior to the entry of this Order, the producing person shall have fifteen (15) days from the date of entry of this Order to designate in writing each document containing Confidential

Information and the appropriate classification and each such designated document shall thereafter be treated as Confidential Information under the terms of this Order. The parties shall endeavor, in good faith, to limit their confidentiality designations to genuinely "Confidential" and "Highly Confidential" material, and shall make every attempt not to overuse the aforementioned confidentiality designations.

5. Any information designated as Confidential Information shall be maintained in confidence by any receiving party and shall be used and stored under the direct control of counsel of record who shall employ reasonable procedures designed to prevent any disclosure not in accordance with this Order. Confidential Information may be disclosed only as follows: (i) "Confidential" information may be disclosed only to qualified persons; and (ii) "Highly Confidential" information may be disclosed only to qualified persons, with the exception of those persons identified in Paragraphs 1(f)(ii) and 1(f)(v). Prior to any disclosure, qualified persons shall read this Order and (i) agree to be bound by the terms hereof, (ii) agree to maintain said information in confidence, and (iii) agree not to disclose Confidential Information to anyone other than as set forth herein.

6. All information or documents disclosed in this litigation, whether or not containing Confidential Information, shall be used solely for purposes of preparation for trial, pretrial proceedings and trial of this action and not in connection with any other litigation or judicial or regulatory proceeding or for any business, commercial, competitive, personal or other purpose. Any summary, compilation, notes, or copy containing Confidential Information, and any electronic image or database containing Confidential Information shall be subject to the terms of the Protective Order to the same extent as the material or information from which such summary, compilation, notes, copy, electronic image or database is derived.

7. In the event that any question is asked at a deposition or a pretrial evidentiary hearing that involves or calls for the disclosure of Confidential Information, the witness shall nevertheless answer such question unless he or she has an independent basis for not responding, provided that other persons who are not qualified to receive the "Confidential" or "Highly Confidential" Information will exit the room. Counsel for the person claiming confidentiality may designate portions of the deposition or hearing transcript as Confidential Information, either at the deposition or pretrial evidentiary hearing, by making a statement for inclusion in the transcript, or within fifteen (15) business days after receipt of the transcript by notifying opposing counsel and the court reporter in writing. All such transcripts shall be treated as "Confidential" or "Highly Confidential," as the case may be, until fifteen (15) business days after receipt thereof by counsel for the parties and counsel for the witness.

8. A non-qualified person not otherwise permitted under this Order to have access to Highly Confidential Information may be examined as a witness at a deposition or a pretrial evidentiary hearing, may be shown, and may testify concerning, any Highly Confidential information as follows:

a. A present employee of a producing person may be examined concerning, may be shown, and may testify concerning, any Highly Confidential Information of that producing person.

b. A former employee or consultant of a producing person may be examined concerning, may be shown, and may testify concerning, any Highly Confidential Information of that producing person if such information (i) relates to the period of the former employee's or consultant's employment or retention with the producing person, and (ii) pertains to the subject

matter of his or her employment or consultation or to the subject of his or her communications with that person.

c. A non-party individual may be examined concerning, may be shown, and may testify concerning: (1) any document containing Highly Confidential Information that appears on its face to have been previously communicated to or from the non-party individual; and (2) any Highly Confidential Information of a party that specific documentary or testimonial evidence by that witness or others indicates was communicated between the nonparty individual and the party.

9. Disclosure of Highly Confidential Information may be made to experts who may be used in this action to present evidence under Rule 702, Federal Rules of Evidence.

a. All such experts must execute the Agreement To Be Bound By Protective Order annexed as Exhibit A. Counsel for the party obtaining such expert's signature on the Agreement To Be Bound By Protective Order shall retain the signed original and include it as an attachment to such expert's disclosure pursuant to Rule 26, Federal Rules of Civil Procedure, at such time set by the Court.

b. At least ten (10) business days prior to disclosure of Highly Confidential Information to an expert, each such expert must execute the Agreement To Be Bound By Protective Order annexed hereto as Exhibit A, Counsel for the party obtaining an expert's signature on the Agreement To Be Bound By Protective Order shall retain the signed original and shall deliver to opposing counsel a copy along with a curriculum vitae setting forth: (1) the background and education of the expert; and (2) the expert's employment history and any relationship or affiliation the expert has or has had with any party or Competitor. If a party, who designates information as Highly Confidential, files and serves on counsel for the disclosing

party, within five business days after receipt of the Agreement To Be Bound By Protective Order, an objection to disclosure of Highly Confidential Information to a particular expert and a motion for protective order preventing such disclosure, the disclosing party shall not disclose Highly Confidential Information to such expert unless and until the Court has denied such motion.

10. In the event any document is produced that the producing person later claims is protected by the attorney-client privilege, work product doctrine or other privilege or immunity, the producing person shall provide written notice to the receiving party of the belated privilege assertion. If the receiving party is in agreement with the producing person that the privilege claim is valid, the receiving party shall notify the producing person in writing of its agreement within fifteen days of receiving the producing person's notice of privilege claim. If the receiving party and producing person are not in agreement regarding the privilege assertion, the receiving party shall provide written notification of the disagreement within fifteen days of receipt of the producing person's notice of privilege claim. In the event of such disagreement, the producing person may move the Court, within fifteen days of receipt of the written notification of the disagreement, to enter an order that the documents for which the belated privilege claim has been asserted are privileged. Pending a ruling by the Court, the receiving party shall make no further use or disclosure of the documents after receipt of the notice of privilege claim from the producing person. If either the parties are in agreement that a belated privilege assertion is valid or the Court enters an order holding that such documents are privileged, the receiving party shall, within ten business days of either its written notice of agreement regarding the privilege claim or the issuance of an order recognizing that such documents are privileged, return the original to the producing person, destroy all copies thereof, as well as, all notes, memoranda or other documents

that summarize, discuss or quote the document, and delete any copy of the document, or any portion thereof, from any word processing or data base tape or disk it maintains. Production of privileged, work-product-protected or otherwise immune documents in the course of discovery in this action shall not constitute a waiver of any privilege, work product protection or immunity, either as to the produced document or as to any other documents or communications. Return of a document for which the producing person has asserted a claim of privilege, work-product-protection, or immunity under this paragraph shall be without prejudice to the receiving party's right to seek an order from the Court directing production of the document on the ground that the claimed privilege, work product protection or immunity is invalid or inapplicable, provided, however, that mere production of the document in the course of this action shall not be a ground for asserting waiver of the privilege, protection or immunity. Inadvertent failure to designate as Confidential Information any information pursuant to this Protective Order shall not constitute a waiver of any otherwise valid claim for protection, so long as such claim is asserted within fifteen (15) days of the discovery of the inadvertent failure. At such time, arrangements shall be made for the return to the designating person of all copies of the inadvertently mis-designated documents and for the substitution, where appropriate, of properly labeled copies.

11. This Order is entered solely for the purpose of facilitating the exchange of information between the parties to this action without involving the Court unnecessarily in this process. Nothing in this Order, nor the production of any documents or disclosure of any information pursuant to this Order, shall be deemed to have the effect of (i) an admission or waiver, including waiver under the rules of evidence, by any party or other subscriber to this Order, or (ii) altering the confidentiality or nonconfidentiality of any such information.

12. If the receiving party desires to disclose Confidential Information to a nonqualified person, or if it disagrees with the confidentiality designation by the producing person, then the receiving party shall so notify counsel for the producing person in writing. Counsel for the producing person and the receiving party shall first try to resolve such dispute within five (5) business days after receipt of the receiving party's notice. If the dispute cannot be resolved, either party may seek a ruling from the Court that the information is properly/improperly designated. Pending a determination by the Court, such information shall be treated under this Order as Confidential Information as designated by the producing person.

13. No party shall be obligated to challenge the propriety of a confidentiality designation, and a failure to do so shall not preclude a subsequent attack on the propriety of such designation. This Order shall be without prejudice to the right of any party or other subscriber to this Order (i) to bring before the Court at any time the question of whether any particular document or information is Confidential Information or whether its use otherwise should be restricted or (ii) to present a motion to the Court under Rule 26(c), Fed. R. Civ, P., for a separate protective order as to any such particular document or information, including restrictions differing from those specified herein. This Order shall not be deemed to prejudice any party in any way in any future application for modification of this Order.

14. All documents, including pleadings, motions, and other papers, containing Confidential Information that are filed with the Court shall be filed in a sealed envelope or other appropriate sealed container on which shall be endorsed the title of this action, the word "CONFIDENTIAL," and a statement substantially in the following form:

**FILED UNDER SEAL.**

By order of the Court, entered on [date], this envelope is to remain sealed, and the Clerk of the Court shall not reveal the contents thereof to any person until further order of this Court.

All information subject to confidential treatment in accordance with the terms of this Order that is filed with the Court, and any pleadings, motions or other papers filed with the Court disclosing any Confidential Information, shall be filed and kept under seal until further order of the Court. Where possible, only confidential portions of filings with the Court shall be filed under seal. The parties shall endeavor in good faith to avoid filing materials under seal whenever possible. If any party desires to refer to Confidential Information in a brief, motion, or other court filing, that party may confer with counsel for the producing person about any such references, in an effort to reach an agreement that will make filing under seal unnecessary; any agreements reached by any parties to resolve the need for filings under seal shall not be viewed or deemed as a waiver or admission of any prior or subsequent confidential designation.

15. The parties, and any non-party that signs this Order and produces information subject to this Order, shall attempt to agree upon procedures to prevent disclosure of Confidential Information at any hearing or trial; shall, prior to such hearing or trial, submit such proposed procedures to the Court for its approval or modification; and shall submit any disputes relating thereto to the Court for its resolution. If a receiving party desires to disclose at a hearing or trial Confidential Information of the producing party, the receiving party must inform the producing party and the Court in advance of the receiving party's intention to do so and must make the disclosure only in accordance with procedures ordered by the Court.

16. If Confidential Information in the possession, custody or control of any receiving party is sought by subpoena, request for production of documents, interrogatories, or any other form of discovery request or compulsory process, including any form of discovery request or

compulsory process of any court, administrative or legislative body or any other person or tribunal purporting to have authority to seek such information by compulsory process or discovery request, including private parties, the receiving party to whom the process or discovery request is directed, shall (i) on or before the second business day after receipt thereof, give written notice by hand or facsimile of such process or discovery request together with a copy thereof, to counsel for the producing person; (ii) cooperate to the extent necessary to permit the producing person to seek to quash or modify such process or discovery request; and (iii) not make production or disclosure of such Confidential Information until the producing person consents in writing to production or the receiving party is required by a court order to produce such Confidential Information, so long as the order is not stayed prior to the date set for production or disclosure.

17. Upon final termination of this action, including all appeals, all parties and experts and consultants shall (i) at the option of the producing person, return to the producing person or destroy all originals of material produced and designated as Confidential Information and all identical copies, whether in whole or in part, of such documents, and (ii) destroy all copies thereof, as well as, all notes, memoranda or other documents that summarize, discuss or quote materials produced and designated as Confidential Information, except that, with respect to word processing and data base tapes and disks, they shall destroy or erase such tapes or disks to the extent practicable. Outside counsel for each party shall be entitled to retain copies of any documents that have been filed with the Court or admitted into evidence and that contain or refer to information designated as Confidential Information, provided that all such documents shall remain subject to this Order. Counsel of record for the parties shall certify in writing to each producing person that the foregoing has been complied with.

18. Except as specifically noted herein, this Order shall not limit a producing person's use of its own Confidential Information, nor shall this Order limit the ability of a party to disclose any document to its author or to anyone identified on the face of the document as a recipient.

19. This Order shall survive and remain in full force and effect after termination of this action.

Leon R. Goodrich
Oppenheimer Wolff & Donnelly, LLP
3300 Plaza VII Building
45 South Seventh Street
Minneapolis, MN 55402

Mark N. Poovey
Womble, Carlyle, Sandridge & Rice
200 West Second Street
Winston Salem, NC 27101

Attorneys for Plaintiff, Andersen Windows, Inc.

Dated: 9/28/01

Jeffrey E. Grell
Leonard, Street & Deinard, P.A.
150 South Fifth Street, Suite 2300
Minneapolis, MN 55402

Thomas A. Donovan
KIRKPATRICK & LOCKHART LLP
Henry W. Oliver Building
535 Smithfield Street
Pittsburgh, PA 15222-2312

Attorneys for Defendant Huttig Building Products, Inc.

SO ORDERED:

United States Magistrate Judge

**EXHIBIT A**

**Agreement To Be Bound By Protective Order**

[Name of signator] hereby acknowledges that he/she has read and agrees to be bound by all of the terms of the attached Protective Order, dated __________, 2001, in the action captioned Andersen Windows, Inc. vs. Huttig Building Products, Inc., Civ. No. 00 CV 02247 JRT/FLN. [Signator] further agrees to consent to the jurisdiction of the United States District Court for the District of Minnesota for purposes of enforcement of the Protective Order.

Dated:__________

NAME AND ADDRESS OF SIGNATOR:

______________________________

______________________________

______________________________

# UNITED STATES DISTRICT COURT

## DISTRICT OF MINNESOTA

OFFICE OF THE CLERK
300 S. FOURTH ST., SUITE 202
MINNEAPOLIS, MN 55415

# Clerk's Notice In Re: Protective Order

---

A Protective/Confidentiality Order has been entered in this action. You must comply with the guidelines set forth below when filing **confidential original** documents with the Clerk of U.S. District Court. Failure to do so will cause the documents to be returned.

## *Guidelines for filing with the Clerk:*

A. Documents are to be **sealed** (closed, fastened, taped, or otherwise secured) in an envelope of comparable size no larger than 9 by 12 *(LR5.1 All pleadings, motions, and other papers presented for filing shall be on 8 1/2 x 11 inch white paper...flat and unfolded. this rule does not apply to (1) exhibits submitted for filing; and, (2) documents filed in removed actions prior to removal from the state courts.)*

B. Each envelope must list the following information, and each document is to be in a separate envelope.

- Action/case number
- Brief action/case title
- Party, name, and complete title of document (i.e. Deft. Johnson's Motion for Dismissal) must be noted on each envelope. Motions, affidavits and memorandums are considered three separate documents.
- The word "**SEALED**" or "**CONFIDENTIAL**"

## *Guidelines for filing with a U.S. District Judge or Magistrate Judge:*

In addition to the above procedures, copies for delivery to the U.S. District Judge or U.S. Magistrate Judge are to be marked accordingly and bound together as a set.